IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      **Plaintiff,**<br><br>v.<br><br>VINCE HARJO,<br><br>      **Defendant.** | Case No. 23-CR-076-JFH |

## OPINION AND ORDER

Before the Court is an opposed appeal from detention order denying release pending sentencing ("Appeal") filed by Defendant Vince Harjo ("Defendant"). Dkt. No. 56. The United States of America ("Government") opposes the Appeal. Dkt. No. 57. For the reasons stated, the Appeal is DENIED.

### BACKGROUND

Defendant was initially charged by complaint with sexual exploitation of a child/use of a child to produce a visual depiction in violation of 18 U.S.C. §§ 2251(a) & 2251(e). Dkt. No. 1. The affidavit in support of the complaint alleged that Defendant's cell phone contained seven photographs of his girlfriend's twelve-year-old daughter sleeping in her bedroom with her shirt and pants pulled off; her breasts, vagina, and buttocks exposed; and Defendant's tattooed hand removing her clothing. *Id.* at 3. Defendant was timely indicted on the same charge. Dkt. No. 18. He was released on bond during the pretrial phase of his case. Dkt. No. 16.

The parties reached a plea agreement in which Defendant would plead to one count of possession of material involving sexual exploitation of a child in violation of 18 U.S.C. § 2252 rather than use of a child to produce a visual depiction in violation of 18 U.S.C. § 2251. Dkt. No.

48.  The Government filed a felony information charging Defendant with the lesser crime.  Dkt. No. 43.  The factual basis in Defendant's petition to enter plea of guilty states in relevant part:

> I, Vince Harjo, admit that on or about February 4, 2023, I knowingly, willfully and intentionally possessed pictures of M.S., a twelve-year-old child that I knew, containing a visual depiction of M.S. engaged in sexually explicit conduct.  Specifically, I possessed two digital photos of M.S. . . . .  One picture shows M.S. laying on her back with her uncovered pubic region visible, with my hand pulling down the waistband of M.S.'s pants.  The second picture shows a closer view of M.S.'s unclothed pubic region.

Dkt. No. 50 at 2.  Ahead of Defendant's change of plea hearing, he filed a motion to remain on bond pending sentencing.  Dkt. No. 42.  The magistrate judge who took Defendant's plea denied this motion, and Defendant was taken into the custody of the United States Marshals Service at the plea hearing.  Dkt. No. 46.

Defendant pled guilty on September 11, 2023.  Dkt. No. 46.  He filed this Appeal almost three months later on December 6, 2023.  Dkt. No. 56.  Defendant's presentence investigation report has not yet been filed, nor has a sentencing date been set.

## AUTHORITY AND ANALYSIS

Defendant concedes that he is subject to mandatory detention under 18 U.S.C. § 3143(a)(2) and invokes a clause in 18 U.S.C. § 3145(c) allowing release "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  Dkt. No. 56 at 3.

"Whether the particular circumstances of a case satisfy a prescribed statutory standard, such as 'exceptional reasons,' presents a mixed question of law and fact."  *United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997).  To assess a claim of exceptional reasons under § 3145(c), "[a] case by case evaluation is essential."  *United States v. Wages*, 271 F. App'x 726, 727

(10th Cir. 2008) (quotation omitted).[1] "'Exceptional' is defined as 'being out of the ordinary: uncommon, rare.'" *Id.* (quoting *Webster's Third New Int'l Dictionary* (*Unabridged*) 791 (G. & C. Merriam Co. 1976)). Thus, the Court must examine "whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released) it would be unreasonable to incarcerate the defendant." *United States v. Mutte*, 383 F. App'x 716, 718 (10th Cir. 2010) (quotation omitted).

Here, Defendant claims exceptional circumstances exist because he complied with his pretrial release, he "would like to continue to be able to work and maintain his sobriety," and he is concerned that he may overserve his sentence. Dkt. No. 56. None of these reasons is exceptional under the relevant legal definition.

Defendant's conduct on pretrial release is reportedly without incident. However, it is nothing more than what was required of him. *See United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release."); *Karacsonyi v. United States,* 152 F.3d 918 *unpub. op.,* 1998 WL 401273, *1 (2d Cir. 1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release.").

Defendant's desire to engage in the workforce and in his sobriety is also notable, but again, it is not exceptional. "[P]ersonal and familial hardship and disruption to an individual's educational or professional affairs are the natural, if unfortunate, consequences of finding oneself at the mercy of the criminal justice system. It is therefore no surprise that most courts have rejected these

---

[1] Unpublished appellate decisions are not precedential and are cited for their persuasive value. *See* Fed. R. App. P. 32.1.

hardships as providing an exceptional reason." *United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014) (quoting *United States v. Christman*, 712 F.Supp.2d 651, 656 (E.D. Ky. 2010)).

Finally, Defendant's concern about overserving does not provide a basis for release. Defendant estimates the advisory guideline range for his sentence will be 24 to 30 months and states he has served six months in custody so far. Dkt. No. 56 at 3, 5. But, as he notes, the statutory maximum penalty for the crime to which he pled is 10 years. 18 U.S.C. § 2252(b)(2). In Defendant's petition to enter plea of guilty, he acknowledged "that sentencing is a matter left exclusively in the province of the Court." Dkt. No. 50 at 4. He further acknowledged that "the sentenced imposed by the Court may be within the guideline table range provided by law or, for good cause stated, the Court . . . may impose a non-guideline sentence," *id.*, and that "the sentence [he] will receive is solely a matter within the control of the Judge," *id.* at 5. The chance of overservice is too speculative at this point to establish exceptional circumstances.

Moreover, the Court has not yet accepted the parties' plea agreement, which was executed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and stipulates that the Government will move for dismissal of the indictment against Defendant. The indictment charges a significantly more serious crime: that of *using* a child to produce sexual material. The factual basis set out in Defendant's plea petition supports this charge, as it states that one of the pictures shows Defendant's hand pulling down the waistband of M.S.'s pants to expose her pubic region. Dkt. No. 50 at 2. With the more serious crime comes a more serious required sentence: not less than 15 years imprisonment. 18 U.S.C. § 2251(e). By contrast, the crime to which Defendant pled allows for not more than 10 years imprisonment. 18 U.S.C. § 2252(b)(2). In effect, then, the parties' agreement is a sentence bargain as well as a plea bargain. The parties are encouraged to file sentencing memoranda justifying their negotiated resolution ahead of the Court's consideration

of whether to accept the plea agreement. *See* Fed. R. Crim. P. 11(c)(3)(A) ("To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) . . . , the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report."); *United States v. Carrigan*, 778 F.2d 1454, 1462-63 (10th Cir. 1985) (explaining district courts have discretion to reject plea bargains in order to impose an appropriate sentence where those bargains attempt to limit the sentences available). Based on the limited information available to the Court at this time, the Court does not share counsel's concern for risk of overservice.

## CONCLUSION

IT IS THEREFORE ORDERED that the opposed appeal from detention order denying release pending sentencing [Dkt. No. 56] is DENIED.

Dated this 12th day of December 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE